|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| RICHARD L. WENDT REVOCABLE TRUST, dated March 8, 1995, by Trustee Roderick Wendt,<br><br>Plaintiff / Counter-Defendant,<br>v.<br><br>CHURCHILL & COMPANY2 LLC,<br><br>Defendants / Counter-Claimants. | CASE NO. C23-5359JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Plaintiff/Counter-Defendant Richard L. Wendt Revocable Trust, dated March 8, 1995, by Trustee Roderick Wendt's (the "Trust") motion to dismiss Defendant/Counter-Claimant Churchill & Company2 LLC's ("Churchill") counterclaims. (MTD (Dkt. # 11); Reply (Dkt. # 15).)  Churchill opposes the motion.  (Resp. (Dkt.

ORDER - 1

# 14).) The court has reviewed the parties' submissions, the relevant portions of the record, and applicable law. Being fully advised,[1] the court GRANTS the Trust's motion.

## II.   BACKGROUND

This is a contract dispute between the Trust and Churchill. (*See generally* Compl. (Dkt. # 1).) The Trust and Churchill created Pelican Capital, LLC ("Pelican") in February 2015, pursuant to the Limited Liability Company Agreement of Pelican (the "Agreement"). (*See* Answer (Dkt. # 9) ¶¶ 1-2; Roller Decl. (Dkt. # 12) ¶ 3, Ex. A ("Agreement")[2].) Churchill was the manager of Pelican. (Answer ¶ 3.) Although the Trust is the largest investor Pelican, it is not a member of, and the Agreement designates the Trust as a "Class B Economic Interest Owner." (*See* Agreement at 5[3]; Compl. ¶ 7, Answer ¶ 7.) In relevant part, the Agreement confers to the Trust the sole authority to appoint and remove the manager, and only for cause. (Agreement § 4.3 (describing the procedure for removing the manager).) The Agreement provides that cause to remove the manager will exist, in part, if the manager "has committed a material breach of this Agreement." (*Id.*) The Agreement also provides that Pelican shall dissolve upon the "removal of any Manager, unless the business of [Pelican] is continued with the consent

---

[1] Neither party requests oral argument (*see* MTD; Resp.), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court incorporates the Agreement by reference because Churchill's counterclaims refer to and rely on the Agreement. *See U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

[3] When referring to the parties' exhibits, the court uses the page numbers in the CM/ECF header.

of [the Trust] within 90 days following such event." (*Id*. § 8.1(b).)  The Agreement is governed by the laws of the State of Washington.  (*Id*. § 11.2.)

In 2022, the Trust concluded that Churchill was in material breach of the Agreement[4] and sought to remove Churchill as manager pursuant to the procedures set forth in the Agreement.  (*See* Compl. ¶¶ 16-21 (describing the Trust's actions to comply with the removal process); Answer ¶¶ 16-21 (not denying material allegations with respect to the Trust's compliance with the removal process).)  Churchill denies that it materially breached the Agreement.  (*See, e.g.,* Answer ¶¶ 16, 18.)  The Trust alleges, and Churchill does not deny, that it asked Churchill to (1) confirm that it is no longer acting as manager of Pelican, (2) confirm that Churchill does not contest its removal as manager, and (3) sign an amendment to the Agreement designating a new manager.  (*See* Compl. ¶ 20; Answer ¶ 20.)  The parties agree that Churchill had not responded to this request as of the filing of the complaint.  (*See* Compl. ¶ 21; Answer ¶ 21.)  The Trust then filed this lawsuit, seeking the court's intervention to enforce the terms of the Agreement and remove Churchill as manager of Pelican, among other remedies for its various contract claims.  (*See generally* Compl.)

Churchill asserted counterclaims against the Trust for breach of contract and dissolution.  (Answer at 8-11 ("Counterclaims") ¶¶ 15-17, 19-20.)  Churchill alleges that the Trust breached the Agreement by "prematurely, and without cause, attempting to remove Churchill as Manager."  (Counterclaims ¶ 16.)  In support of this counterclaim,

---

[4] The basis for Churchill's alleged breach are not relevant to the instant motion.  (*See* MTD

Churchill alleges that the Agreement "does not provide a process for determination of material breach," and that the Trust's allegation of material breach is "premature and conclusory" because "[n]o court, arbitrator, or disinterested third-party [*sic*] has determined whether Churchill has breached [the] Agreement, let alone whether such alleged breach was material." (*Id*. ¶¶ 8-9.) Churchill's counterclaim for dissolution alleges that the Trust's removal of Churchill as manager "constitute[s] a de facto Event of Default," which "should trigger dissolution" of Pelican. (*Id*. ¶¶ 19-20 (citing Agreement § 8.1).) The Trust timely filed the instant motion to dismiss Churchill's counterclaims. (MTD.)

### III.  ANALYSIS

Below, the court reviews the legal standard for a motion to dismiss before turning to the Trust's motion.

**A.  Legal Standard for a Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint or counterclaim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, the court construes the counterclaim in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the counterclaim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not, however, "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State*

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Nor is the court required to accept as true legal conclusions or "formulaic recitation[s] of the legal elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.     Churchill's Breach of Contract Counterclaim**

A party may bring a claim for breach of contract by establishing (1) the existence of a valid contract, (2) breach of that contract, and (3) damages resulting from the breach. *Fid. & Deposit Co. of Md. v. Dally*, 201 P.3d 1040, 1044 (Wash. Ct. App. 2009) (citing *Lehrer v. Dep't of Social & Health Servs.*, 5 P.3d 722, 727 (Wash. Ct. App. 2000)). Churchill argues that the Trust breached the Agreement by attempting to remove Churchill as manager before any third party determined that Churchill had materially breached the Agreement.  (Resp. at 5; Answer ¶¶ 8-9.)  On reply, the Trust argues that the Agreement does not require a third party to determine whether Churchill is in material breach before the Trust may commence the removal process.  (Reply at 2-3 (citing Agreement).)

The court concludes that the Agreement does not require the Trust to seek the opinion of a third party before determining that Churchill materially breached the Agreement.  (*See generally* Agreement.)  This court has no authority to insert provisions into a contract that the parties declined to include.  *See, e.g., Agnew v. Lacey Co-Ply*, 654 P.2d 712, 715 (Wash. Ct. App. 1982) ("A court cannot create a contract for the parties

1  which they did not make themselves."). Because Churchill does not identify any
2  contractual provision that the Trust breached or allege any other facts in support of its
3  counterclaim for breach of contract, the court DISMISSES Churchill's counterclaim for
4  breach of contract.

**C.  Churchill's Counterclaim for Dissolution**

Washington law provides for judicial dissolution of a limited liability company whenever: "(1) [i]t is not reasonably practicable to carry on the limited liability company's activities in conformity with the certificate of formation and the limited liability company agreement; or (2) other circumstances render dissolution equitable." RCW 25.15.274. Churchill asks the court to dissolve Pelican because the Agreement provides that removing the manager triggers dissolution. (*See* Resp. at 5-6 (quoting Agreement § 8.1(b)); Counterclaims ¶¶ 19-20.) On reply, the Trust argues that Churchill has failed to establish that either of the conditions set forth in the statute apply here. (Reply at 3.) The Trust argues further that the entire relevant provision of the Agreement provides that removal of the manager does not trigger dissolution if "the business of [Pelican] is continued with the consent of [the Trust] within 90 days . . . ." (*Id*. at 4 (citing Agreement § 8.1(b)); MTD at 6.) The Trust asserts that Churchill has failed to allege that the business of Pelican will not continue with the Trust's consent. (*Id*.[5])

The court agrees that Churchill has failed to plausibly allege that either RCW 25.15.274 or the terms of the Agreement warrant judicial dissolution of Pelican. *See*

---

[5] Indeed, the Trust asserts that it filed the instant action because it would like to continue the business of Pelican, albeit under different management. (Reply at 4.)

ORDER - 6

*Sprewell*, 266 F.3d at 988 (providing that the court need not accept as true allegations contradicted by exhibits).  The court DISMISSES Churchill's counterclaim for dissolution.

**D.     Leave to Amend**

On a Rule 12(b)(6) motion, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  The court, however, retains discretion to deny leave to amend.  *See, e.g.*, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) (finding amendment futile where the parties "fail to state what additional facts they would plead if given leave to amend").

The Trust does not specify whether it seeks to dismiss Churchill's counterclaims with or without prejudice (*see* MTD; Reply), and Churchill does not seek leave to amend (*see* Resp.).  In an abundance of caution, the court concludes that Churchill's counterclaims could possibly be cured by amendment and grants Churchill leave to amend its counterclaims.  Churchill may file amended counterclaims no later than **August 24, 2023**.  The court warns Churchill that failure to timely amend its counterclaims to remedy the deficiencies identified herein will result in dismissal of those counterclaims with prejudice.

//

//

//

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS the Trust's motion (Dkt. # 11) and DISMISSES Churchill's counterclaims without prejudice.  Churchill may file amended counterclaims, if any, by no later than **August 24, 2023**.

Dated this 11th day of August, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 8