The Honorable James L. Robart

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD L. WENDT REVOCABLE
LIVING TRUST dated March 8, 1995, by
Trustee Roderick Wendt,

Plaintiff,

v.

CHURCHILL & COMPANY2 LLC, a
Washington limited liability corporation,

Defendant.

No. 3:23-cv-05359-JLR

**STIPULATED MOTION AND
[PROPOSED] PROTECTIVE
ORDER**

Note on Motion Calendar:
**July 23, 2024**

Plaintiff the Richard L. Wendt Revocable Living Trust dated March 8, 1995, by Trustee Roderick Wendt ("the Trust") and Defendant Churchill & Company2 LLC ("Churchill") (the Trust and Churchill collectively, "the Parties") jointly request that the Court enter the following Protective Order.  Per LCR 26(c)(2), the Parties have based this proposed Protective Order on the Western District of Washington's model Protective Order and departures from that model order are indicated in redline in the exhibit submitted herewith.

1.    UNDERLINE PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 1



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: contact information for non-parties, non-public financial information, confidential internal business correspondence, processes, and procedures. This listing is not an agreement by any party that all or any part of the categories of information listed herein is indeed confidential information.

3.      SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  location and in a secure manner that ensures that access is limited to the persons authorized

2  under this agreement.

3      4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

4  ordered by the court or permitted in writing by the designating party, a receiving party may

5  disclose any confidential material only to:

6          (a)    the receiving party's counsel of record in this action, as well as

7  employees of counsel to whom it is reasonably necessary to disclose the information for this

8  litigation;

9          (b)    the officers, directors, and employees (including in house counsel) of

10  the receiving party to whom disclosure is reasonably necessary for this litigation, unless the

11  Parties agree that a particular document or material produced is for Attorney's Eyes Only and

12  is so designated;

13          (c)    experts and consultants to whom disclosure is reasonably necessary

14  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

15  (Exhibit A);

16          (d)    the court, court personnel, and court reporters and their staff, and any

17  mediator of this dispute and the mediator's staff;

18          (e)    copy or imaging services retained by counsel to assist in the

19  duplication of confidential material, provided that counsel for the party retaining the copy or

20  imaging service instructs the service not to disclose any confidential material to third parties

21  and to immediately return all originals and copies of any confidential material;

22          (f)    during their depositions, witnesses in the action to whom disclosure is

23  reasonably necessary and, in the case of witnesses who are not employees or representatives

24  of the designating party, who have signed the "Acknowledgment and Agreement to Be

25  Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

26  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

        (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (h)    any other person or entity to which the Parties agree in writing.

4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1   warranted are not swept unjustifiably within the ambit of this agreement.

2        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

3   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

4   unnecessarily encumber or delay the case development process or to impose unnecessary

5   expenses and burdens on other Parties) expose the designating party to sanctions.

6        If it comes to a designating party's attention that information or items that it

7   designated for protection do not qualify for protection, the designating party must promptly

8   notify all other Parties that it is withdrawing the mistaken designation.

9        5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

10  agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or

11  ordered, disclosure or discovery material that qualifies for protection under this agreement

12  must be clearly so designated before or when the material is disclosed or produced.

13        (a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents

14  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

15  proceedings), the designating party must affix the word "CONFIDENTIAL" to each page

16  that contains confidential material. If only a portion or portions of the material on a page

17  qualifies for protection, the producing party also must clearly identify the protected portion(s)

18  (*e.g.*, by making appropriate markings in the margins).

19        (b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the

20  Parties and any participating non-parties must identify on the record, during the deposition

21  or other pretrial proceeding, all protected testimony, without prejudice to their right to so

22  designate other testimony after reviewing the transcript. Any party or non-party may, within

23  fifteen days after receiving the transcript of the deposition or other pretrial proceeding,

24  designate portions of the transcript, or exhibits thereto, as confidential. Upon conclusion of

25  the deposition or pretrial proceeding and through expiration of the fifteen-day designation

26  period, the transcript shall be treated by the Parties as confidential information subject to this

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Order, unless otherwise agreed by the Parties. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)   Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

6.3  <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention and the designating party does not wish to withdraw the challenged designation, the designating party must file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) within fourteen (14) days of completion of the meet and confer referenced in Paragraph 6.2. The burden of persuasion in any such motion shall be on the designating party. If the designating party does not timely file such a motion to retain confidentiality, the challenged designation shall be deemed withdrawn. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)  promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    If a receiving party learns that, by inadvertence or otherwise, it has disclosed

2    confidential material to any person or in any circumstance not authorized under this

3    agreement, the receiving party must immediately (a) notify in writing the designating party

4    of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of

5    the protected material, (c) inform the person or persons to whom unauthorized disclosures

6    were made of all the terms of this agreement, and (d) request that such person or persons

7    execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

8    Exhibit A.

9    9.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR    OTHERWISE

10   PROTECTED MATERIAL

11   When a producing party gives notice to receiving Parties that certain inadvertently

12   produced material is subject to a claim of privilege or other protection, the obligations of the

13   receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

14   provision is not intended to modify whatever procedure may be established in an e-discovery

15   order or agreement that provides for production without prior privilege review. The Parties

16   agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

17   10.    NON-TERMINATION AND RETURN OF DOCUMENTS

18   Within 60 days after the termination of this action, including all appeals, each

19   receiving party must return all confidential material to the producing party, including all

20   copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate

21   methods of destruction.

22   Notwithstanding this provision, counsel are entitled to retain one archival copy of all

23   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

24   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

25   work product, even if such materials contain confidential material.

26

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 8



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1    The confidentiality obligations imposed by this agreement shall remain in effect until

2    a designating party agrees otherwise in writing or a court orders otherwise.

3

4    DATED: July 23, 2024.

5

6    **ARETE LAW GROUP PLLC**              **SELBY MORGAN & BORN, PLLC**

7    By: */s/ Jeremy E. Roller*              By: */s/ L. Clay Selby*
     Jeremy E. Roller, WSBA No. 32021        L. Clay Selby, WSBA No. 26049
8    1218 Third Avenue, Suite 2100           Stuart C. Morgan, WSBA No. 26368
     Seattle, WA 98101                       1019 Regents Blvd., Suite 103
9    Phone: (206) 428-3250                   Fircrest, Washington 98466-6037
     Fax:    (206) 428-3251                  Phone: (253) 446-8610
10   jroller@aretelaw.com                    Fax:    (253) 327-1700
                                             clay@smb-lawyers.com
11   *Attorneys for Plaintiff Richard L. Wendt*   stu@smb-lawyers.com
     *Revocable Living Trust*
12                                           *Attorneys for Defendant Churchill &*
13                                           *Company2 LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1                         **[PROPOSED] ORDER**

2              PURSUANT TO STIPULATION, IT IS SO ORDERED

3              IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

4    any documents, electronically stored information (ESI) or information, whether inadvertent

5    or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other

6    federal or state proceeding, constitute a waiver by the producing party of any privilege

7    applicable to those documents, including the attorney-client privilege, attorney work-product

8    protection, or any other privilege or protection recognized by law. This Order shall be

9    interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).   The

10   provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or

11   shall serve to limit a party's right to conduct a review of documents, ESI or information

12   (including metadata) for relevance, responsiveness and/or segregation of privileged and/or

13   protected information before production.  Information produced in discovery that is protected

14   as privileged or work product shall be immediately returned to the producing party.

15

16           DATED:   July 24, 2024

17

18                                                    _____
                                                     Hon. James L. Robart
19                                                    United States District Judge

20

21

22

23

24

25

26

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty

5

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

6

was issued by the United States District Court for the Western District of Washington on July

7

___, 2024, in the case of *Richard L. Wendt Revocable Living Trust v. Churchill & Company2*

8

*LLC*, No. 3:23-cv-05359-JLR. I agree to comply with and to be bound by all the terms of this

9

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

11

will not disclose in any manner any information or item that is subject to this Stipulated

12

Protective Order to any person or entity except in strict compliance with the provisions of

13

this Order.

14

I further agree to submit to the jurisdiction of the United States District Court for the

15

Western District of Washington for the purpose of enforcing the terms of this Stipulated

16

Protective Order, even if such enforcement proceedings occur after termination of this action.

17

18

Date:_____

19

City and State where sworn and signed:_____

20

Printed name:_____

21

Signature: _____

22

23

24

25

26

STIPULATED MOTION AND [PROPOSED]
PROTECTIVE ORDER
No. 3:23-cv-05359-JLR - Page 11

ARÊTE LAW GROUP

1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250